**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**WILLIAM HENRY DUDLEY,**
   **Petitioner,**

vs.            **3:09cv375/RV/MD**

**UNITED STATES OF AMERICA,**
   **Respondent.**

---

## **REPORT AND RECOMMENDATION**

   This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 4). No motion for leave to proceed *in forma pauperis* has been filed, and the filing fee has not been paid. Because the instant petition is subject to summary dismissal, the court will not delay the proceedings to require the petitioner to submit the appropriate forms and/or fee.

   Petitioner was convicted in case number 3:05cr118/RV/MD of controlled substance and firearm offenses and sentenced to a term of 240 months imprisonment on April 27, 2006. His appeal was dismissed upon his own motion. Case 3:05cr118/RV/MD, doc. 100. He filed a motion to vacate pursuant to 28 U.S.C. § 2255 in July of 2007, and this motion was denied on May 5, 2008. Case 3:05cr118/RV/MD, doc. 106, 125, 138. In April of 2008, counsel was appointed to determine whether defendant would be eligible for a sentence reduction in accordance with guideline amendment, but moved to withdraw in July of 2008 after analyzing the defendant's situation and concluding that no action would be taken by the Public Defender with respect to defendant's sentence. *Id.*, doc. 129, 140, 141.

The instant petition, filed in August of 2009, seeks to challenge the district court's jurisdiction over the defendant's criminal case. He seeks "reversal" of his indictment and that the criminal proceedings be declared "void," among other things.

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The continuation or execution of an initially valid confinement is generally the sole issue in a §2241 action. See *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); see also *Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Jordan,* 915 F.2d at 629; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985). A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Case No: 3:09cv375/RV/MD*

*Wofford*, 177 F.3d at 1244; *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong of this three-part test means a petitioner's claim fails. See *Wofford,* 177 F.3d at 1244; *Flint v. Jordan*, 514 F.3d 1165, 1168 (11th Cir. 2008). Petitioner cannot meet this test.

To the extent a petitioner might attempt to claim that he cannot pursue his claim via 28 U.S.C. § 2255, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. *Wofford*, 177 F.3d at 1244-1245; see also *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241).

Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. See, e.g., *Wofford, supra; Triestman v. United States,* 124 F.3d 361, 376 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not rendered "inadequate or ineffective" simply because a prior claim under that section has been denied or disallowed, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), or because petitioner has been denied permission to file a second or successive § 2255 motion, see *Darby,* 405 F.3d at 945; *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford,* 177 F.3d at 1245; *Davenport*, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, see *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2nd Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). And, section 2255 is not inadequate or ineffective merely because the one-year statute of

limitations has expired. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3rd Cir. 2002); *Haugh v. Booker*, 210 F.3d 1147 (10th Cir. 2000).

Accordingly it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus under § 2241 (doc. 1) be summarily denied.

At Pensacola, Florida this 2nd day of September, 2009.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).